IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| GEORGE W. MONTGOMERY, #872953 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-071 |
| | § | |
| UTMB, ET AL. | § | |

## REPORT AND RECOMMENDATION

Plaintiff George W. Montgomery, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint and answers to interrogatories, this Court now makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). Plaintiff's complaint and answers to interrogatories are difficult

to read and poorly pleaded. He states in his answers to interrogatories that the only Defendant in this cause is Dr. Bronwich, and complains about surgery that Dr. Bronwich performed on him and for not letting him know the outcome.[1] On the other hand, however, Plaintiff also asserts in his answers to interrogatories that Dr. Bronwich would not perform the operation because Plaintiff is HIV-positive, and he felt the surgery would place his health at risk. Plaintiff seems to disagree, asserting that his immune system is excellent and that he doesn't feel "most of the time that I am HIV positive."

In order to prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle,* 429 U.S. at 105-06. As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional right, even though the prisoner may disagree with the physician's choice of treatment. *Youngberg v. Romeo,* 457 U.S. 307, 322-23 (1982); *Estelle*, 429 U.S. at 107-08. An allegation that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment simply does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, neither negligence, neglect nor medical malpractice are sufficient to state a claim under 42 U.S.C. §1983. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)(quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)); *Mendoza v.*

---

[1] *See* Plaintiff's Answers to Interrogatories, p. 1. "I've regretted that Dr. Bronwich perform [sic] surgery upon me. I would not be having a colostomy at this point".... he violated my Constitutional right for not letting me know the outcome and he'd lied to me."

*Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). There are absolutely no facts to suggest that Dr. Bronwich mistreated Plaintiff and did so in a deliberate attempt to cause him unnecessary pain and harm repugnant to the conscience of mankind. Plaintiff's claim against Dr. Bronwich is wholly lacking in merit and is frivolous.

A Court must afford a *pro se* Plaintiff a fair opportunity to plead his best case. In so doing, if, after that time a cause of action has not been established, the Court should dismiss the case. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). In the instant case, Plaintiff has failed to set forth any facts, either in his complaint or answers to interrogatories, which would support a cause of action cognizable under Section 1983. It is, therefore, the **RECOMMENDATION** of this Court that this case be **DISMISSED with prejudice, as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **July 12, 2006,** in which to have written objections <u>physically on file</u> in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the     19th     day of June, 2006.

John R. Froeschner
United States Magistrate Judge